UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KYLE S. RANSOME,

    Petitioner,

v.

CHRISTOPHER HOLMES, et al.,

    Respondents.

Civ. No. 12-4889 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury of aggravated manslaughter, possession of a handgun for an unlawful purpose and unlawful possession of a handgun. He is currently serving a twenty-five year sentence with an eighty-five percent period of parole ineligibility. For the following reasons, the habeas petition will be denied as it is time-barred.

## II.    PROCEDURAL BACKGROUND

Petitioner was sentenced in the New Jersey Superior Court, Gloucester County on June 22, 2001. The New Jersey Superior Court, Appellate Division affirmed the judgment and conviction on direct appeal on June 21, 2004. (*See* Dkt. No. 19-5 at p. 1-12.) The New Jersey Supreme Court denied certification on petitioner's direct appeal on September 29, 2004. (*See id.* at p. 18.)

1

On October 4, 2005, petitioner filed his first post-conviction relief ("PCR") petition in the New Jersey Superior Court.[1] (*See* Dkt. No. 19-6 at p. 43.) On August 20, 2007, the Superior Court denied petitioner's first PCR petition. (*See id.* at p. 60.) Thereafter, petitioner filed an appeal to the Appellate Division. The Appellate Division affirmed the denial of petitioner's first PCR petition on May 8, 2009. (*See* Dkt. No. 19-9 at p. 3-9.) The New Jersey Supreme Court denied petitioner's petition for certification on his first PCR petition on July 20, 2009. (*See id.* at p. 59.)

Petitioner then filed a brief in the Appellate Division on October 8, 2010, which constitutes his second PCR petition. (*See* Dkt. No. 19-10 at p. 1-39.) In that brief, petitioner alludes to a motion seeking to reduce his sentence that he filed in the Superior Court on September 2, 2009, that was purportedly denied by that court. (*See id.* at p. 13.)

In dismissing petitioner's second PCR petition, the Appellate Division noted that petitioner had not included the Superior Court Order denying his motion and that, "[w]ithout the order, [it] had no way of confirming that the motion was actually filed with, and then considered by, the court." (*See* Dkt. No. 19-12 at p. 25 n.3.) The Appellate Division dismissed the appeal due to petitioner's blatant disregard for that court's rules of procedure. (*See id.* at p. 26-27.) The

---

[1] Pursuant to the prisoner "mailbox rule," a petitioner's court filing is deemed filed on the date he delivered it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). When a court is unable to determine the exact date that a prisoner handed his petition to a prison official for mailing, it will look to the signed and dated certification of the petition. *See Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam) (using date prisoner signed complaint as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to the prison officials for mailing, it will look to the signed and dated certification of the petition."). When this Court cannot determine when petitioner handed his court filing to prison officials for mailing, it will use the signed and dated certification of the document, as logically, that is the earliest date the document could have been delivered to prison officials for mailing.

New Jersey Supreme Court denied certification on petitioner's second PCR petition on June 8, 2012. (*See* Dkt. No. 19-14 at p. 4.)

Petitioner filed the instant federal habeas petition in this Court on July 25, 2012. (*See* Dkt. No. 1-2 at p. 2.) Respondents filed an answer on July 13, 2013, arguing in part that the habeas petition is untimely. Petitioner filed a reply on October 1, 2013. The matter is now ready for adjudication.

### III.   DISCUSSION

The statute of limitations for this § 2254 petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is set forth in 28 U.S.C. § 2244(d), which states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of –
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Evaluating the timeliness of this habeas petition requires a determination of when the state court judgment became final. The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (noting that state supreme court's decision became final after ninety days because the time for seeking certiorari expired).

The statute of limitations is statutorily tolled during the time in which a properly filed state PCR petition is pending. *See* 28 U.S.C. § 2244(d)(2). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted), including "time limits, no matter their form[.]" *Pace v. DiGigulielmo*, 544 U.S. 408, 417 (2005). Thus, if a state court determines that an application is untimely, that is the end of the matter for purposes of statutorily tolling of the AEDPA limitation period, "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). However, "if a state court fails to rule clearly on the timeliness of an application, a federal court 'must . . . determine what the state courts would have held in respect to timeliness." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85-86 (3d Cir. 2013) (quoting *Evans v. Chavis*, 546 U.S. 189, 198 (2006)).

As previously stated, the New Jersey Supreme Court denied petitioner's request for certification on direct appeal on September 29, 2004. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Therefore, his judgment became final ninety days after the New Jersey Supreme Court denied certification on petitioner's direct appeal. *See*

4

*Morris*, 187 F.3d at 337 n.1. Accordingly, his AEDPA statute of limitations began to run on December 29, 2004.

Petitioner filed his first PCR petition in state court on October 4, 2005, after 280 days had run on his AEDPA statute of limitations period. The New Jersey Supreme Court denied certification on this PCR petition on July 20, 2009. Petitioner's AEDPA statute of limitations was statutorily tolled during the pendency of his first PCR petition. *See* 28 U.S.C. § 2244(d)(2).

Petitioner next filed a second PCR petition in the Appellate Division on October 8, 2010. However, the filing of this PCR petition did not statutorily toll the AEDPA statute of limitations. After petitioner's first PCR petition was denied, he had eighty-five days left on his AEDPA statute of limitations period. As petitioner did not file his second PCR petition until more than a year after his first PCR petition was denied, it did not statutorily toll the AEDPA statute of limitations because his AEDPA statute of limitations had already expired by October 8, 2010. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed). Therefore, the instant habeas petition is untimely.

Petitioner asserts three central points in arguing that his petition is in fact timely; specifically: (1) the date on which his judgment became final should be moved to a later date in light of *Jimenez v. Quarterman*, 555 U.S. 113 (2009); (2) additional statutory tolling applies; and (3) equitable tolling applies. Each of these arguments is considered in turn.

A. *Jimenez v. Quarterman*

Petitioner relies on *Jimenez* to argue that his judgment became final well after December 28, 2004 (or ninety days after the New Jersey Supreme Court denied certification on his direct appeal). In *Jimenez*, the petitioner was granted leave by the state appellate court to file an out-

of-time direct appeal from his criminal conviction. *See* 555 U.S. at 116. The issue before the United States Supreme Court was whether the petitioner's direct review became final when his conviction initially became final or when the out-of-time appeal granted by the state appellate court became final. *See id.* at 119. Ultimately, the United States Supreme Court held that:

> Where a state court grants a criminal defendant the right to file an out-of-time direct appeal during the state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id.* at 121. Contrary to petitioner's arguments, a state court did not grant him an out-of-time direct appeal. Indeed, petitioner proceeded with an in-time direct appeal that was denied by the Appellate Division and then by the New Jersey Supreme Court on September 29, 2004. Thus, *Jimenez* does not apply to change the date upon which petitioner's judgment became final as it is factually distinguishable from petitioner's case.

  B. <u>Additional Statutory Tolling</u>

Petitioner also argues that he actually filed his second state court PCR petition on September 2, 2009, in the Superior Court. As previously stated, the Appellate Division stated in deciding petitioner's second PCR petition that there was no way to confirm that petitioner had actually filed such a second PCR petition in the Superior Court. (*See* Dkt. No. 19-12 at p. 25 n.3.) Petitioner has not come forward with evidence that he in fact actually filed such a PCR petition in the Superior Court on September 2, 2009. Nevertheless, the record that respondents have filed in this case includes petitioner's second PCR brief that he filed with the Appellate Division on October 4, 2005. In that brief, petitioner states that he did file a second PCR petition

6

in the Superior Court.  (*See* Dkt. No. 19-10 at p. 10.)  Furthermore, the record includes a motion and memorandum to correct an unsound sentence addressed to the Superior Court that petitioner swore to a notary on September 2, 2009.  (*See* Dkt. No. 19-10 at p. 90-109.)

There is nothing to indicate that petitioner actually handed this document dated September 2, 2009 to prison officials for mailing for it to be considered filed.  However, even if the Court were to assume that petitioner did in fact file this document with the Superior Court, and it was a "properly filed" PCR petition, it would still not make the instant federal habeas petition timely for the reasons that follow.

Petitioner's judgment became final on December 28, 2004 and the AEDPA statute of limitations began running the following day.  He did not file his first state court PCR petition until October 4, 2005, or after 280 days had run on his AEDPA statute of limitations.  His AEDPA statute of limitations was statutorily tolled while his first PCR petition was pending, from October 4, 2005 until July 20, 2009.  Petitioner does not indicate that he filed a petition for writ of certiorari with the United States Supreme Court on his first PCR petition.  Assuming for purposes of argument that petitioner filed a second PCR petition on September 2, 2009, an additional forty-four days ran on his AEDPA statute of limitations as the ninety-day period that petitioner had to file a petition for writ of certiorari on the denial of his first PCR petition does not toll the applicable statute of limitations for filing his federal habeas petition.  *See Stokes v. Dist. Attorney of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001) (stating that the time that a state prisoner may file a petition for writ of certiorari to the United States Supreme Court from the denial of his post-conviction petition does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2)).  Accordingly, 324 days of the AEDPA limitations period had run by September 2, 2009.

Assuming *arguendo* that the AEDPA statute of limitations was statutorily tolled during the pendency of petitioner's second PCR petition, then the AEDPA statute of limitations would have begun to run again after the New Jersey Supreme Court denied certification on petitioner's second PCR petition on June 8, 2012. Petitioner did not file the instant federal habeas petition until July 25, 2012, or forty-seven days after his second PCR petition was denied. When these forty-seven days are added to the 324 days that had already run on the AEDPA statute of limitations, over one year had run on petitioner's AEDPA statute of limitations (371 days). Therefore, giving petitioner every benefit of the doubt for statutorily tolling purposes, his federal habeas petition would still be untimely by a few days.

C. Equitable Tolling

Finally, petitioner argues that he should be entitled to equitable tolling; specifically he claims as follows:

> Petitioner asserted on the record his limited education and status as a lay-person, with no knowledge in the area of law, nor criminal court procedures, yet to the best of his ability through the exercised of due diligence sought to exhaust all his state remedies in a timely manner. The impediments to this effort were beyond the scope of mere negligence, but are indeed exceptional circumstances to overcome when put in proper perspective. The inability to gain meaningful access to a law library, legal books, time to conduct legal research and or legal counsel while incarcerated at Southwoods State Prison is an on going impediment created by the state, that only exasperate an already daunting task.

(Dkt. No. 22 at p. 6.)

The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also United States v. Bass*, 268 F. App'x 196, 199 (3d Cir.

8

2008). "Equitable tolling is a remedy which should be invoked 'only sparingly.'" *Bass*, 268 F. App'x at 199 (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland* [*v. Florida*], 130 S. Ct. [2549,] at 2565 [(2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones* [*v. Morton*, 195 F.3d [153,] 160 [(3d Cir. 1999)]. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (internal citations and footnote omitted). Extraordinary circumstances may be found where: (1) the petitioner has been actively misled by respondent; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Petitioner bases his equitable tolling argument in part on his lack of requisite legal knowledge. "The fact that a petitioner is proceeding pro se does not insulate him from the

9

'reasonable diligence' inquiry and his lack of legal knowledge or training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citations omitted). Thus, this argument alone does not merit equitably tolling the statute of limitations. *Accord Dixon v. Bartkowski*, No. 11-3213, 2013 WL 5730152, at *7 (D.N.J. Oct. 21, 2013) ("[La]ck of legal knowledge or legal training does not alone justify equitable tolling.") (citations omitted).

Furthermore, petitioner's allegation that he lacked meaningful access to the law library also does not merit equitably tolling the AEDPA statute of limitations. He does not explain how his limited access occurred or how these circumstances prevented him from filing his federal habeas petition. *See Shabazz v. Hastings*, No. 12-3487, 2013 WL 3201275, at *5-6 (D.N.J. June 24, 2013) (finding that petitioner failed to demonstrate that equitable tolling should apply where he did not explain when limited access to the library occurred nor how those circumstances affected his ability to file federal habeas petition); *Gonzalez v. United States*, 918 F. Supp. 2d 287, 290 (D. Del. 2013) ("[A] prisoner's limited access to a law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a causal relationship between the limited library access and the prisoner's late filing.") (citations omitted). Indeed, petitioner pursued his first state PCR petition while his AEDPA statute of limitations had not yet expired.

Accordingly, for these reasons, equitable tolling is not appropriate and will not be applied.

  D. <u>Request for the Appointment of Counsel</u>

Petitioner has also requested the appointment of counsel. (*See* Dkt. No. 18.) He does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However,

18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64. In this case, the Court finds that the appointment of counsel is not warranted as the petition is time-barred.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be denied and a certificate of appealability shall not issue. An appropriate order will be entered.

DATED: December 2, 2013                              s/Robert B. Kugler
                                                                                                    ROBERT B. KUGLER
                                                                                                    United States District Judge